# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**SONYA OWENS**,

    Debtor/Appellant,

    v.

**NANCY SPENCER GRIGSBY**,
Chapter 13 Trustee,

    Appellee.

Case No. 1:16-cv-01432 (CRC)

Bankruptcy Case No. 16-00043

## MEMORANDUM OPINION

  Sonya Owens seeks to appeal multiple orders of the Bankruptcy Court issued in connection with her 2016 Chapter 13 case. However, this Court has jurisdiction to review only one of those orders, and none of Owens's arguments relevant to that order are availing. Accordingly, the Court will dismiss Owens's appeal in part, and otherwise affirm.

  On February 8, 2016, Sonya Owens filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Columbia. B.R. 4.[1] Roughly one month later, on March 9, 2016, Cynthia Niklas—at the time appointed as Chapter 13 Trustee—moved to dismiss Owens's bankruptcy case with prejudice. B.R. 22–25. In the motion, Niklas alleged that Owens had violated a number of Chapter 13 code provisions by failing to, among other things, make timely plan payments and provide previous federal income tax returns. B.R. 22–23. Niklas also noted that Owens had filed another Chapter 13 bankruptcy case in 2007, which had been dismissed with prejudice due to defaulted plan payments. B.R. 23. Attached to the Trustee's motion was a notice titled—in bold, all-capital letters—"Notice of

---

[1] The Court will abbreviate "Bankruptcy Record," ECF No. 2, as "B.R." in citations throughout this opinion. Page numbers are ECF page numbers unless otherwise noted.

Opportunity and Deadline to Object to Motion to Dismiss With Prejudice." B.R. 24. The notice stated that a hearing on the motion was scheduled for April 22, but further advised (again, largely in bold, all-capital letters): "Please take notice that within twenty one (21) days after the date of this notice you must file and serve a written objection to the motion . . . . If you fail to file a timely objection, the motion may be granted by the court without a hearing." B.R. 24.

As of April 7, nearly one month after the dismissal motion had been filed, Owens had filed no opposition. On that date, the bankruptcy court granted the motion and dismissed the case. B.R. 66. On April 27, the case was closed, and Niklas was discharged as Trustee. See Bankruptcy Court Docket Sheet ("Bankr. Docket"), ECF No. 1. However, on May 19—more than two months after the filing of the dismissal motion, and more than one month after the court's dismissal order—Owens filed a notice of appeal, attempting to challenge the bankruptcy court's dismissal. In a subsequent opinion and order, the bankruptcy court noted that Owens's appeal notice was untimely, having been brought more than fourteen days after the order it sought to appeal. See Memorandum Decision & Order Setting a Deadline for the Debtor to File a Motion to Reopen the Case in Order to Pursue an Appeal, June 7, 2016 ("June 7 Order"), ECF No. 1-1, at 13–16. The court nonetheless permitted Owens fourteen days "to file a motion to reopen this case in order to pursue [her] appeal." Id. at 16.

In response, Owens filed what she styled a "Reply" to the court's order, which the court treated as a motion to vacate, and which it addressed in yet another order. See Memorandum Decision Re: Reply to Memorandum & Order Setting Deadline to File Motion to Re-Open Case to Pursue Appeal, July 15, 2016 ("July 15 Order"), ECF No. 1-1, at 17–23. In short, the court in this last order struck Owens's May 19 notice of appeal, denied what it read as her motion to vacate, and reopened the case "for the limited purpose of pursuing" an appeal *of that July 15*

*Order*. Id. at 23.  The court made express that the case was not reopened "for the purpose of pursuing the notice of appeal filed on May 19," i.e., the appeal of the court's original dismissal. Id.

On July 25, Owens accepted the court's invitation and filed a notice of appeal, this one timely.  See Notice of Appeal, ECF No. 1-1, at 3–6.  However, on the Notice of Appeal form, when asked to "[d]escribe the judgment, order, or decree appealed from," Owens simply wrote, "All."  Id. at 5.  And when asked to provide the date of those judgments, Owens wrote "3-9-2016," "4-7-2016," and "7-15-2016," presumably referring to the Trustee's dismissal motion, the bankruptcy court's initial dismissal order, and the bankruptcy court's final July 15 order, respectively.  Id.  In December 2016, having received no appellate briefing from Ms. Owens, this Court directed her to file an opening brief by January 15, 2017.  On January 18, Owens filed what she styled a "Complaint," but what the Court will treat as the appellant's brief.  See ECF No. 3 (hereinafter "Br. of Appellant").  In it, Owens primarily attacks the bankruptcy court's dismissal decision, asserting among other things: that the grounds for the dismissal motion were false, that she should have been appointed an attorney, that the dismissal order was improperly posted to the internet, that she was not properly served with the dismissal order, and that it was improper for the court to dismiss her case without a hearing.  See id.  In response, Ms. Nancy Grigsby—in her official capacity as Chapter 13 Trustee—filed a motion to dismiss the appeal, arguing that this Court is without jurisdiction to reach the merits of Owens's claims.  See Appellee's Mot. to Dismiss Appeal, ECF No. 6.  Despite the passage of over five months, Owens has not responded directly to the dismissal motion.

Under Federal Rule of Bankruptcy Procedure 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being

3

appealed." Under Rule 8002(d)(1)(B), "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed . . . within 21 days after" what would otherwise be the deadline, but only if the would-be appellant "shows excusable neglect." As described above, Owens missed both deadlines, having attempted to file her notice of appeal a full six weeks after the dismissal order. Her latest notice of appeal was filed in July, roughly three months after the dismissal order. Because filing a timely notice of appeal is "mandatory and jurisdictional," Browder v. Dir., Dep't of Corr. of Illinois, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)), this Court may not reach the merits of the bankruptcy court's original dismissal order. See also In re Murphy, 547 B.R. 875, 880 (Bankr. W.D. Pa. 2016) ("[T]he time to file a bankruptcy appeal is jurisdictional thus depriving reviewing courts of jurisdiction over an untimely appeal."). It follows that the Court lacks jurisdiction to consider most of Owens' arguments on appeal, which challenge the dismissal of her case and the representations from Niklas that precipitated that dismissal.

This Court *does* have jurisdiction to review the bankruptcy court's July 15, 2016 Order, since Owens appealed that judgment within the fourteen-day window. The Court is able to identify only two arguments in Owens's brief, however, that are relevant to that Order or its reasoning. *First*, Owens argues that, under Federal Rule of Bankruptcy Procedure 9014(a), the bankruptcy court was required to hold a hearing before dismissing her case. See Br. of Appellant 2–3. Rule 9014(a) provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." As the bankruptcy court explained in the July 15 Order, however, Owens *was* given "reasonable notice" and the "opportunity for a hearing." See B.R. 24. By failing to file a written objection to the dismissal motion, Owens chose not to

4

avail herself of that opportunity. In any event, even if the bankruptcy court's dismissal did somehow violate a hearing requirement, Owens's May 19 notice of appeal would still have been untimely under Federal Rule of Bankruptcy Procedure 8002—and that untimeliness was the basis for the bankruptcy court's July 15 Order.

*Second*, in cursory fashion, Owens argues that the "separate document rule" applied to the dismissal proceedings (and presumably was violated). Under Federal Rule of Bankruptcy Procedure 7058 (incorporating Federal Rule of Civil Procedure 58), with several exceptions, "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). The Court is unable to confirm from the record below whether or not the court's dismissal order indeed was "set out in a separate document." But assuming it was not, as the bankruptcy court explained, Bankruptcy Rule 7058 applies only to particular adversary proceedings, and a motion to dismiss a Chapter 13 bankruptcy case is not one of them. See Fed. R. Bankr. P. 7001.

For the reasons explained above, then, and as set forth in an accompanying Order, the Court will dismiss Owens's appeal to the extent that it challenges the bankruptcy court's original dismissal order. Otherwise, the July 15, 2016 Order—the only order this Court has jurisdiction to review on appeal—will be affirmed.[2]

CHRISTOPHER R. COOPER
United States District Judge

Date: July 14, 2017

---

[2] In light of the Court's decision, Owens's "Emergency Motion for Stay Pending Appeal," ECF No. 4—which turns on the merits of the bankruptcy court's dismissal—will be denied, and Owens's "Motion for Tolling Pending Receipt of Court's Decision and Memoranda," ECF No. 9, will be denied as moot.

5